UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFF BACHNER<br><br>          Plaintiff,<br><br>- against -<br><br>DDG PARTNERS LLC<br><br>          Defendant. | Docket No. 18-cv-12160<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Jeff Bachner ("Bachner" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant DDG Partners LLC ("DDG" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a residential condominium on 41 Bond Street in New York City. The photograph is owned and registered by Bachner, a New York-based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Bachner is a professional photojournalist having a usual place of business at 110 Shore Blvd., Apt. 6L, Brooklyn, NY 11235.

6. Upon information and belief, DDG is a foreign limited liability company duly organized and existing under the laws of Delaware with a place of business at 60 Hudson Street, 18th Floor, New York, NY 10013.

7. Upon information and belief, DDG is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

8. At all times material hereto, Defendant has owned and operated the website at the URL: www.ddgpartners.com (the "Website").

9. Defendant is a for-profit entity.

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

10. Bachner photographed the exterior of a residential condominium on 41 Bond Street in New York City (the "Photograph").  A true and correct copy of the Photograph is attached hereto as Exhibit A.

11. Bachner then licensed the Photograph to the New York Daily News.

12. On July 29, 2011, the New York Daily News ran an article that featured the Photograph on its web edition entitled *'Forget James, 41 Bond is the hottest player in New York*

*City.* See https://www.nydailynews.com/life-style/real-estate/forget-james-41-bond-hottest-player-new-york-city-article-1.1045147

13. The New York Daily News included an authorship credit (also known as a "gutter credit") below the Photograph which clearly identified Bachner as the author of the Photograph. A true and correct copy of the New York Daily News article is attached hereto as <u>Exhibit B</u>.

14. Bachner is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

15. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-104-178, effective as of May 24, 2018 (the "178 Registration"). A true and correct copy of the 178 Registration is attached hereto as <u>Exhibit C</u>.

16. The content title of the Photograph, as it appears on the face of the 178 Registration, is "07.29.11, Bluestone building, Bachner.jpg."

**B.    Defendant's Infringing Activities**

17. Subsequent to publication of the Photograph in the New York Daily News, Defendant republished the New York Daily News article on the Website, also entitled *'Forget James, 41 Bond is the hottest player in New York City.'* See http://ddgpartners.com/press/forget-james-41-bond-hottest-player-new-york-city/ (the "Article")

18. Defendant's Article prominently featured the Photograph. Screenshots of the Article as it appears on the Website are attached hereto as <u>Exhibit D</u>.

19. Defendant did not obtain a license from Plaintiff to publish the Photograph on the Website.

20. Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

21. Prior to publishing the Photograph on its Website, Defendant did not communicate with Bachner.

22. Subsequent to publishing the Photograph on its Website, Defendant did not communicate with Bachner.

23. Plaintiff actually discovered the infringement in December 2018.

## **CLAIM FOR RELIEF**
## **(COPYRIGHT INFRINGEMENT AGAINST DDG)**
(17 U.S.C. §§ 106, 501)

24. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.  Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

26. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

28. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant DDG be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant DDG be ordered to remove the Photograph from its Website;

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded punitive damages for copyright infringement;

6. That Plaintiff be awarded attorney's fees and costs;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 24, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz
　　Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
*Attorneys for Plaintiff Jeff Bachner*